UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-2747-DMG (MRWx) | Date | November 30, 2021 |
| Title | *Talar Kevorkian v. The Sports Mall LLC, et al* | Page | 1 of 8 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT THE SPORTS MALL LLC'S MOTION TO DISMISS [20]**

On March 30, 2021, Plaintiff Talar Kevorkian Krikor filed a Complaint against Defendant The Sports Mall LLC ("Sports Mall"). [Doc. # 1.] On June 15, 2021, Krikor filed a First Amended Complaint ("FAC") against Sports Mall, asserting claims for copyright infringement, unfair competition, and false advertising. [Doc. # 18.] On June 29, 2021, Sports Mall filed a Motion to Dismiss ("MTD") all the claims raised in the FAC. [Doc. # 20.] The MTD is fully briefed. [Doc. # 23, 24.]

For the reasons stated below, the Court **GRANTS in part** and **DENIES in part** Sports Mall's MTD.

**I.
FACTUAL AND PROCEDURAL BACKGROUND[1]**

Krikor owns, operates, and manages two online stores, "KCONLINESTORE" and "Cardsandcoffee1," which are hosted on the eBay platform. Through these sites, Krikor sells sports memorabilia and collectibles. FAC ¶ 7. She advertises her products by publishing photographs of them on her eBay sites. *Id.* at ¶ 8-9. Krikor owns the copyrights to all the images listed on her stores, but only some of these copyrights have been registered. *Id.* at ¶ 8.

Sports Mall owns, manages, and operates the website http://sportscollectibles.com, which also sells sports memorabilia and collectibles. *Id.* at ¶ 10. In August 2020, Krikor discovered that Sports Mall had posted at least six of her photographs on its website and advertised the depicted items for sale on its site. Krikor had originally posted these images on KCONLINESTORE, and they depicted sports memorabilia in her possession. *Id.* at ¶ 11. Sports

---
[1] The Court assumes the truth of the factual allegations in Ms. Krikor's FAC solely for the purpose of deciding Sports Mall's MTD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-2747-DMG (MRWx) | Date | November 30, 2021 |
| Title | *Talar Kevorkian v. The Sports Mall LLC, et al* | Page | 2 of 8 |

Mall listed the products for sale on its site at a higher price than Krikor did on her site. *Id.* at ¶ 12. Whenever Krikor raised the price of items sold on her site, Sports Mall correspondingly increased the price of the same items on its site. *Id.* Sports Mall also included the serial numbers for the items belonging to Krikor in its listing. *Id.* at ¶¶ 13.

On September 11, 2020, Krikor's counsel sent a notice to Sports Mall requesting that it remove or disable access to copyrighted material. *Id.* at ¶ 15. In response, the allegedly infringing content was removed. *Id.* at ¶ 16. Shortly thereafter, however, Sports Mall reposted two of the images as well as three additional, new images that belonged to Krikor. *Id.* at ¶¶ 17-18. Sports Mall did not comply with Krikor's subsequent demands to remove these images. *Id.* at ¶ 19.

On February 22, 2021, Krikor posted two photographs of autographed jerseys on her Cardsandcoffee1 store (the "Pele Jersey" and "Ronaldo Jersey"). Krikor owned the jerseys depicted in the photographs, and she is the registered copyright holder of the photographs under Copyright Registration No. VA 2-240-903. *Id.* at ¶ 20, Ex. D. Soon after posting the images, Krikor discovered that Sports Mall had also advertised the jerseys for sale using her same photographs of them. *Id.* at ¶ 20.

On Sports Mall's website, under "frequently asked questions," there is the question, "Why can I, when searching, find the same item for a lower price on Ebay?" Underneath is the following response:

> You might find the same item or one very similar for various reasons. Most of our leading competitors buy their collectibles in bulk and resell them on their site. SportsCollectibles.com deals directly with the athletes at signings along with their agents and our highly reputable vendors, therefore our products are 100% authentic. We would never sacrifice the quality or authenticity of your collectibles for a lower price. Anyone can sell their items on eBay, so unless you personally know the vendor you should be cautious when purchasing.

*Id.* at ¶ 12, Ex. E.

Although the FAC curiously stops short of saying so outright, the gravamen of the FAC appears to be that Sports Mall advertises Krikor's products on its own site for a higher price, with the intent of buying the product from her and passing it on to its customer whenever the customer completes the purchase on its site.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-2747-DMG (MRWx) | Date | November 30, 2021 |
| Title | *Talar Kevorkian v. The Sports Mall LLC, et al* | Page | 3 of 8 |

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) states that a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). On a motion to dismiss, a court may consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

## III.
## DISCUSSION

### A.  Copyright Infringement

Sports Mall argues that Krikor's copyright claim is impermissibly vague and fails to adequately specify which works have allegedly been infringed. Sports Mall also asserts that the claim's open-ended language improperly implies the inclusion of unregistered works.

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2747-DMG (MRWx) | Date | November 30, 2021 |
|---|---|---|---|
| Title | *Talar Kevorkian v. The Sports Mall LLC, et al* | Page | 4 of 8 |

P. 8(a)(2); *Twombly*, 550 U.S. 544 at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)). "Copyright claims need not be pled with particularity. . . . complaints simply alleging present ownership by plaintiff, registration in compliance with the applicable statute and infringement by defendant have been held sufficient under the rules." *Perfect 10, Inc. v. Cybernet Ventures, Inc.,* 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001) (internal citations omitted).

As it pertains to infringement of the photographs of the Pele and Ronaldo Jerseys, Krikor's claim is sufficiently pled. Krikor alleges ownership of their copyrights through her registration,[2] and alleges copying by claiming that Sports Mall posted the photographs on its website around February 22, 2021. Sports Mall argues that the registration and Exhibit A to the FAC list seven Ronaldo photographs and six Pele photographs, and the FAC fails to specify which of those photographs was allegedly infringed. *See French W., Inc. v. Soft Surroundings, Inc.*, No. CV 17-8188-GW (SSx), 2018 WL 4944421, at *3 (C.D. Cal. Feb. 15, 2018) ("[I]n order to state a claim for copyright infringement a plaintiff must allege which specific original works are the subject of the copyright claim.") (quoting *Palmer Kane LLC v. Scholastic Corp.*, No. 12-cv-03890-TPG, 2013 WL 709276, at * 3 (S.D.N.Y. Feb. 27, 2013)). Nonetheless, the FAC provides a specific description of the infringed works, the nature of the infringement, and the location and approximate date of the infringement. Given these descriptors and Sports Mall's knowledge of its own operations, Sports Mall has fair notice of the substance of the claim. *See French W.*, 2018 WL 4944421, at *3 ("Whatever paucities are present in the Complaint, it does not require [Defendant] to search for a [] needle in a haystack[.]").

Sports Mall is correct, however, that the FAC's open-ended language implies the inclusion of other non-exhaustive and unregistered works. Krikor alleges that Sports Mall's infringement is "not limited to" the Ronaldo and Pele Jerseys. FAC at ¶ 27. The FAC at one point alleges the misappropriation of "upwards of six" unidentified images, and at another point two other unidentified images. *Id.* at ¶¶ 11, 17. Krikor does not describe these images with any specificity. Even to the extent she does describe other infringed works with any detail, she does not allege the registration of any works besides the photographs of the Ronaldo and Pele Jerseys. In fact, the FAC explicitly admits that many of the allegedly misappropriated works are unregistered. *Id.* at ¶ 8, Ex. B. Because copyright claims must allege registration, the claim,

---

[2] The registrations are in the name of Sarkis Krikor, and the FAC alleges that they have been assigned to Plaintiff Talar Krikor. FAC at ¶ 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-2747-DMG (MRWx)** | Date | November 30, 2021 |
|---|---|---|---|
| Title | *Talar Kevorkian v. The Sports Mall LLC, et al* | Page | 5 of 8 |

insofar as it alleges infringement of unregistered works, fails. *See* 17 U.S.C. § 411(a) (requiring registration of work before filing suit).

The Court therefore **GRANTS in part** Sports Mall's MTD with respect to the copyright infringement claim insofar as it alleges infringement of works other than the photographs of the Pele and Ronaldo Jerseys. Because the claim could be cured with additional or more specific allegations, the Court **GRANTS** Krikor leave to amend. The MTD is **DENIED** with respect to the copyright infringement claim as to the Pele and Ronaldo Jersey photographs.

**B.     False Advertising**

Krikor alleges that Sports Mall committed false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). As an initial matter, although the FAC is a bit unclear, the Court notes that Krikor generally pleads two overarching instances of false advertising: 1) the listings on Sports Mall's site of items that belonged to and were being sold by Krikor, and 2) Sports Mall's response to the "frequently asked question" regarding eBay sellers. *See* FAC at ¶¶ 51-54. Sports Mall's MTD focuses on the latter, as the only particular written statement that is alleged, but false advertising is not limited to statements made through words. It can be comprised of "any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact." 15 U.S.C. § 1125 (a)(1).

To state a claim for false advertising, Krikor must allege, *inter alia*:[3] "(1) defendant made false statements of fact about its own product [or another's product]; (2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; [and] (3) such deception is material, in that it is likely to influence the purchasing decision." *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 244 (9th Cir. 1990). Sports Mall argues that Krikor fails to allege a materially false or misleading statement of fact.

**1.     Sports Mall's advertisement of items in Krikor's possession**

The FAC does not allege that Sports Mall explicitly claimed to own or possess the items actually belonging to Krikor.[4] But false advertising "is not limited to literal falsehoods; it

---

[3] Sports Mall does not raise or challenge the other elements of the claim.

[4] The FAC does state somewhat in passing that Sports Mall "falsely states that the advertised items are in stock at the time of purchase absent a data error." This allegation does not state with particularity what exactly the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-2747-DMG (MRWx) | Date | November 30, 2021 |
| Title | *Talar Kevorkian v. The Sports Mall LLC, et al* | Page | 6 of 8 |

extends to false representations made by implication and innuendo." *Cook*, 911 F.2d at 245. In such cases, "proof that the advertising actually conveyed the implied message and thereby deceived a significant portion of the recipients becomes critical." *William H. Morris Co. v. Grp. W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995).

The ownership or possession of the items is a provable statement of fact. The questions therefore are, does Sports Mall's listing of items owned and offered for sale by Krikor at least imply (falsely) that it owns or possesses the unique merchandise, and is this representation material to the consumer? These are questions of fact that cannot be resolved on a motion to dismiss. *JHP Pharms., LLC v. Hospira, Inc.*, 52 F. Supp. 3d 992, 1003 (C.D. Cal. 2014) ("While [Plaintiff] has not yet produced actual evidence of these consumer beliefs, at the motion to dismiss stage, the Court can accept allegations of such facts as sufficient."). It is at least plausible that a consumer may interpret Sports Mall's listings to mean that it currently has those collectibles in its possession. It is also plausible that a consumer's decision to buy the unique item from Sports Mall may change if he or she knew that Sports Mall first had to purchase it from a non-exclusive third-party seller.

The allegation also satisfies the heightened pleading standard for claims grounded in fraud under Federal Rule of Civil Procedure 9(b). *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011) ("To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as "what is false or misleading about [the purportedly fraudulent] statement, and why it is false.") (internal citations and quotation marks omitted). The FAC alleges that in August 2020 and February 2021 (when the fraud occurred), Sports Mall (who committed the fraud) posted photographs and serial numbers of items owned by Krikor (what is the fraudulent conduct) on their website (where the fraud occurred), purporting that these items were in Sports Mall's possession (how the action is fraudulent).

### 2. Sports Mall's statement regarding eBay sellers

Krikor alleges that Sports Mall's FAQ response regarding eBay sellers falsely implies that her products are inauthentic. Sports Mall argues that nothing in its statement is actually false, and in any event, it is non-actionable puffery.

It is true that none of the particular, individual statements in the response are literally false on their face. Krikor does not allege that the items sold by Sports Mall are not "100%

---

"in stock" statement was or where or how it was made on the website in relation to the advertised items, so it does not satisfy the Rule 9(b) pleading standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-2747-DMG (MRWx) | Date | November 30, 2021 |
| Title | *Talar Kevorkian v. The Sports Mall LLC, et al* | Page | 7 of 8 |

authentic" or that it does not source its merchandise from "athletes at signings along with their agents *and our highly reputable vendors*." FAC at ¶ 12 (emphasis added). Nor does she claim that eBay never has inauthentic products or that buyers should not exercise caution. But as above, literally true statements can still be misleading. And advertising must be evaluated in context. The context of Sports Mall's statement is in response to the question, "Why can I, when searching, find the same item for a lower price on eBay?" Based on the allegations in the FAC, the accurate answer should be something to the effect of, "because we buy some of our items from eBay and resell them here." Instead, Sports Mall responds by suggesting that the customer should be wary of inauthentic merchandise on eBay. In context, this is a misrepresentation. It implies that eBay sellers of "the same" merchandise are inauthentic, when in fact, those are the very sellers from which Sports Mall sources at least some of its "100% authentic" products.[5]

To the extent that Sports Mall argues that the statement refers to unrelated third-party eBay sellers with items that are *not* the actual ones that Sports Mall sells and that *are* actually inauthentic, this theory turns on the factual question of how the consumer would interpret the statement. At the pleading stage, it is plausible that a consumer would construe the statement to refer to Krikor's "same" items, and thus be deceived.

The Court therefore **DENIES** Sports Mall's MTD as to Krikor's false advertising claim under the Lanham Act.

C.  **Unfair Competition**

Sports Mall argues that Krikor's state law unfair competition claim—brought under California Business and Professions Code section 17200—is preempted by the Copyright Act. The Ninth Circuit has developed a two-part test to determine when a state law cause of action is preempted by the Copyright Act: (1) the subject matter of the state law claim must fall within the subject matter of copyright as described in 17 U.S.C. sections 102 and 103, and (2) the rights asserted under state law must be equivalent to the rights contained in 17 U.S.C. section 106, which articulates the exclusive rights of copyright holders. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137–38 (9th Cir. 2006). A cause of action protects "qualitatively different" rights

---

[5] For this reason, the statement is not puffery. "[A] statement that is quantifiable, that makes a claim as to the specific or absolute characteristics of a product, may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery." *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (internal quotations marks and citations omitted). The "authenticity" of an autographed collectible item that is "the same" as the one that Sports Mall advertises is a quantifiable, specific characterization.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-2747-DMG (MRWx) | Date | November 30, 2021 |
| Title | *Talar Kevorkian v. The Sports Mall LLC, et al* | Page | 8 of 8 |

from copyright rights when it contains an "extra element which changes the nature of the action." *Id.*

Krikor's claim is not preempted by copyright because, as discussed above, she states a claim for false advertising as well as copyright infringement. Copyright law protects creative expressions, whereas the Lanham Act protects against false representations of fact and designations of origin. These latter elements, which underly Krikor's false advertising claim, also state a claim for unfair competition under Section 17200. *See Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994) ("[A]ctions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act."). These elements are not present in a copyright infringement action—they constitute "extra elements" in the cause of action that therefore protect a qualitatively different right from copyright and avoid copyright preemption. Sports Mall's MTD as to the unfair competition claim is therefore **DENIED**.

## IV.
## CONCLUSION

In light of the foregoing, Sports Mall's MTD is **DENIED** as to the false advertising, unfair competition, and copyright infringement claims with respect to the Ronaldo and Pele Jerseys. The MTD is **GRANTED** as to the copyright infringement claim with respect to any other works, with leave to amend. Krikor shall file a Second Amended Complaint, or file a notice of intent not to amend her FAC, by **December 21, 2021**. Sports Mall's response, if any, shall be filed within 21 days after the SAC or notice is filed.

**IT IS SO ORDERED**.